CFC100003248

# ORIGINAL

**FILED**

## UNITED STATES COURT OF FEDERAL CLAIMS

SEPT. 7, 2017
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| VAL ANTHONY ALDRED, HAGAN HAMILTON HEILIGBRODT, WILLIAM LANGE KRELL, JR., BEVERLY FECEL KRELL, AND SHAWN S. WELLING,  §§§§§§ | |
| Plaintiffs, §§ | **No.** 17-1206 L |
| V. §§ | |
| THE UNITED STATES, §§ | |
| Defendant. §§ | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Val Anthony Aldred, Hagan Hamilton Heiligbrodt, William Lange Krell, Jr., Beverly Fecel Krell, and Shawn S. Welling, Plaintiffs, appearing individually and on behalf of all persons similarly situated, and file this Original Complaint and respectfully show as follows:

### STATEMENT OF JURISDICTION

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1491(a)(1). This is a claim seeking compensation from the United States for the taking of private property, without just compensation, for public use. This is actionable pursuant to the Fifth Amendment to the United States Constitution.

### PARTIES

2.     Named Plaintiffs herein are:

   a.   Val Anthony Aldred, a citizen of the United States of America and resident of 835 Thornvine Lane, Houston, Harris County, Texas 77079; an individual of sufficient age who owns immovable property which has been misappropriated by Defendants' actions in building, maintaining, and, ultimately, releasing water from the Addicks and Barker reservoirs, as specified *infra*.

Received - USCFC

SEP - 7 2017

1

b.  Hagan Hamilton Heiligbrodt, a citizen of the United States of America and resident of 423 Bayou Knoll, Houston, Harris County, Texas 77079; an individual of sufficient age who owns immovable property which has been misappropriated by Defendants' actions in building, maintaining, and, ultimately, releasing water from the Addicks and Barker reservoirs, as specified *infra*.

c.  William Lange Krell, Jr. and Beverly Fecel Krell, citizens of the United States of America and residents of 111115 Tupperlake Drive, Houston, Harris County, Texas 77042; they are individuals of sufficient age who own immovable property which has been misappropriated by Defendants' actions in building, maintaining, and, ultimately, releasing water from the Addicks and Barker reservoirs, as specified *infra*.

d.  Shawn S. Welling, a citizen of the United States of America, resident of Harris County, Texas, and owner of a commercial building located at 5731 Logan Lane, Houston, Texas 77007; an individual of sufficient age who owns immovable property which has been misappropriated by Defendants' actions in building, maintaining, and, ultimately, releasing water from the Addicks and Barker reservoirs, as specified *infra*.

3.      Defendant is the United States of America, a sovereign entity, who answers for at least one of its agencies, particularly the United States Army Corps of Engineers (the "Corps of Engineers"), and particularly concerning the Corps of Engineers' actions with respect to the Addicks and Barker reservoirs.  Defendant may be served with process by delivering a copy of this Complaint to the Attorney General, by delivering a copy of this Complaint to an agent designated by authority of the Attorney General by hand delivery, or by sending a copy of this Complaint to an electronic address designated by the Attorney General for this purpose.  *See* RCFC 4(a).

## FACTS

### *Defendant's Management of the Addicks and Barker Reservoirs*

4.      The Addicks and Barker Reservoirs were authorized under the Rivers and Harbors Act of 1938, and were originally intended to prevent downstream flooding in the City of Houston, Harris County, Texas.

2

5.    The Addicks Reservoir is formed by the Addicks Dam, an earthen dam situated on the north side of Interstate 10 in western Harris County, Texas.  Addicks Reservoir is designed to hold a maximum of 201,000 acre feet of water.  The Addicks Reservoir can, and often does, release water in to the Buffalo Bayou, which then travels east through the City of Houston.

6.    The Barker Reservoir is formed by the Barker Dam, an earthen dam situated on the Southside of Interstate 10 and the west side of Texas State Highway 6 in western Harris County, Texas.  Barker Reservoir is designed to hold a maximum of 209,000 acre feet of water.  Like the Addicks Reservoir, the Barker Reservoir can, and often does, release water in to the Buffalo Bayou, which then travels east through the City of Houston.

7.    Defendant—and, more specifically, the Corps of Engineers—has consistently been involved with the maintenance and operations of the Addicks and Barker Reservoirs since the authorization of the Rivers and Harbors Act of 1938.  Following the authorization of the Rivers and Harbors Act, the Corps of Engineers oversaw the construction of both the Addicks and Barker Dams.

8.    More recently, the Corps of Engineers rated both the Addicks and Barker Dams as "extremely high-risk."  Since 2008, the Corps of Engineers has implemented more than $4 million in "risk reduction measures" to, in its view, address deficiencies in the Addicks and Barker Dams.

*Hurricane Harvey Hits the Texas Coast, and Defendant Floods Parts of Houston*

9.    Hurricane Harvey struck the Texas coast on Friday, August 25, 2017, as a strong Category 4 Hurricane.  It moved up the Texas coast slowly and eventually dropped more than 50 inches of rain on Harris County.

10.    While much of Harris County was flooding, Plaintiffs and members of the Classes had property that was not flooding as of Sunday, August 27, 2017.  However, that night, the Corps

of Engineers, in conjunction with the Harris County Flood Control District and the City of Houston (and potentially others), decided to release water from the Barker and Addicks Reservoirs the following day, even though the Buffalo Bayou was already at record levels.  Defendant's release of water flooded not only Named Plaintiffs' homes, but thousands of homes around the reservoirs and downstream.  When Defendant decided to release water from the Barker and Addicks Reservoirs, Defendant knew, or had reason to know, that Defendant's actions would likely result in significant flooding in and around Houston, Texas, and particularly in the neighborhoods in and around Named Plaintiffs' properties.

11.    In addition to owning real property, certain Plaintiffs operated commercial ventures, and Plaintiffs' rights in those ventures were and continue to be disrupted by Defendant's actions.

12.    When the releases occurred from each reservoir, Plaintiffs' properties were flooded with as much as, if not more than, three feet of water, destroying most of the property and its contents.  Many homes—and certain of Named Plaintiffs' homes—remain inaccessible today. Plaintiffs will incur substantial expense in remediating Defendant's actions.

13.    Defendant's actions deprived, and continue to deprive, Plaintiffs of the use and enjoyment (and, in certain cases, the economical use) of their Property.  Plaintiffs have not been compensated for Defendant's actions.

## PROPERTIES OWNED BY NAMED PLAINTIFFS

14.    Plaintiff Aldred is the owner or co-owner of, and has been the owner or co-owner since before August of 2017, of property located at 835 Thornvine Lane, Houston, Texas 77079 in the Thornwood neighborhood that did not receive flooding until after the release of water from the Barker and Addicks Reservoirs.

15.     Plaintiff Heiligbrodt is the owner or co-owner of, and has been the owner or co-owner since before August of 2017, of property located at 423 Bayou Knoll, Houston, Texas 77079 in the Nottingham Forest VIII neighborhood that did not receive flooding until after the release of water from the Barker and Addicks Reservoirs.

16.     The Krell Plaintiffs are the co-owners of, and have been the co-owners since before August of 2017, of property located at 111115 Tupperlake Drive, Houston, Texas 77042 in the Lakeside Forest neighborhood that did not receive flooding until after the release of water from the Barker and Addicks Reservoirs.

17.     Plaintiff Welling is the owner or co-owner of, and has been the owner or co-owner since before August of 2017, a commercial building located at 5731 Logan Lane, Houston, Texas 77007 in Harris County that upon information and belief did not receive flooding until after the release of water from the Barker and Addicks Reservoirs.

18.     Plaintiffs' properties are located in areas and neighborhoods that, prior to Hurricane Harvey, were not considered to be prone to storm flooding.  Prior to Defendant's release of water from the Barker and Addicks Reservoirs, Plaintiffs' properties rarely, if ever, flooded as a result of tropical hurricanes or other major storms.

19.     As a result of Defendant's release of water from the Barker and Addicks Reservoirs, the resultant flooding has limited Plaintiffs' access and use of their parcels, which constitutes a taking for public purpose, without just compensation.

20.     Further, Defendant's release of water from the Barker and Addicks Reservoirs has left Plaintiffs' properties at an increased risk of future flooding, and Plaintiffs will be unable to rebuild their properties without incurring significant additional expense.  Plaintiffs who wish to transfer or sell their property may be unable to do so, or unable to do so without significant loss,

due to the decreased demand and increased difficulty in obtaining property and/or flood insurance in the area. The result of Defendant's actions is a partial deprivation of Plaintiffs' ability to use, enjoy and alienate their property, which constitutes a taking of their property for a public purpose, without just compensation.

## COUNT ONE – PERMANENT TAKING OF PROPERTY

21.     Plaintiffs repeat and realleged paragraphs 1 through 20 of this Complaint and incorporate the same by reference.

22.     Plaintiffs and the class have legally-protectable property interests in their homes and properties located near the Addicks and Barker reservoirs, and have distinct, reasonable, and investment-backed expectations that their properties would be subject to flooding in line with historical patterns.

23.     Defendant's construction of, management of, and, ultimately, release of water in August and September of 2017 from the Addicks and Barker Reservoirs deprived Plaintiffs of their rights of use, occupancy, and enjoyment of their real property.

24.     Defendant's actions constituted a permanent taking of Plaintiffs' property for a public use, without payment of just compensation.

25.     Plaintiffs' loss of the use, occupancy, and enjoyment of their real property was a direct, natural, and probable consequence of Defendant's actions.

26.     Defendant acted intentionally in taking Plaintiffs' property by releasing water from the Addicks and Barker Reservoirs with knowledge that flooding to Plaintiffs' property would result.

27.     Further and alternatively, because the Government's actions were undertaken with disregard to Plaintiffs' properties and because the damages to Plaintiffs' properties were the direct,

natural, and probable result of Defendant's construction and maintenance of the Addicks and Barker Reservoirs, Defendant's intent to invade Plaintiffs' property may be inferred.

28.     Plaintiffs have suffered substantial damages, including loss of the use, occupancy, and enjoyment of their properties, and have been severely financially impacted by Defendant's actions. Further, certain of the Plaintiffs have been deprived of the benefits and profits attendant to the continued operation of commercial ventures on their properties, all as a direct, natural, or probable consequence of Defendant's actions. Full economic damages are sought.

### COUNT TWO – TAKING OF FLOWAGE AND DRAINAGE EASEMENTS

29.     Plaintiffs repeat and reallege paragraphs 1 through 28 of this Complaint and incorporate the same by reference.

30.     Plaintiffs and the class have legally-protectable property interests in their homes and properties located near the Addicks and Barker reservoirs, and have distinct, reasonable, and investment-backed expectations that their properties would be subject to flooding in line with historical patterns.

31.     Defendant's construction of, management of, and, ultimately, release of water in August and September of 2017 from the Addicks and Barker Reservoirs resulted in the actual flooding and/or the risk of recurring flooding, which has deprived Plaintiffs of their rights of use, occupancy, and enjoyment of their real property.

32.     Plaintiffs' loss of the use, occupancy, and enjoyment of their real property was a direct, natural, and probable consequence of Defendant's actions.

33.     Defendant acted intentionally in taking Plaintiffs' property by releasing water from the Addicks and Barker Reservoirs with knowledge that flooding to Plaintiffs' property would result.

34.     Further and alternatively, because the Government's actions were undertaken with disregard to Plaintiffs' properties and because the damages to Plaintiffs' properties were the direct, natural, and probable result of Defendant's construction and maintenance of the Addicks and Barker Reservoirs, Defendant's intent to invade Plaintiffs' property may be inferred.

35.     Plaintiffs have suffered substantial damages, including loss of the use, occupancy, and enjoyment of their properties, and have been severely financially impacted by Defendant's actions.

36.     As a result of the foregoing, Defendant has taken permanent easements of flowage and drainage over Plaintiffs' property for a public purpose, without just compensation.

## REQUEST FOR CLASS CERTIFICATION

37.     Plaintiffs repeat and realleged paragraphs 1 through 36 of this Complaint and incorporate the same by reference.

38.     Plaintiffs bring this action individually and on behalf of all other persons similarly situated:

  a.  All Texas residential property owners who experienced flood waters at their property on or after Monday, August 28, 2017, in the area immediately north and west of Addicks Reservoir, west and south of the Barker Reservoir, and any residence downstream affected by Defendant's release of water from the Addicks and Barker Reservoirs.

  b.  All Texas commercial property owners who experienced flood waters at their property on or after Monday, August 28, 2017, in the area immediately north and west of Addicks Reservoir, west and south of the Barker Reservoir, and any property downstream affected by Defendant's release of water from the Addicks and Barker Reservoirs.

39.     Maintaining this action as a class action pursuant to FRCP 23 is appropriate because:

  a.  The class is comprised of thousands of properties and property owners located in and around Houston, Harris County, Texas and is so numerous that joinder of all members is impracticable;

8

  b. There are questions of law and fact common to the class (*i.e.* Defendant's liability for its construction and maintenance of, and August and September 2017 release of water from, the Addicks and Barker Reservoirs that resulted in the flooding of Plaintiffs'—and others similarly situated—properties);

  c. The claims of the named parties are typical of the claims of the proposed class; and

  d. The named plaintiffs, as representative parties, will fairly and adequately protect the interests of the putative class.

40. Plaintiffs have retained counsel who are experienced in and capable of prosecuting class action litigation; said counsel has and will continue to devote the appropriate resources necessary to prosecute these claims. Further, Named Plaintiffs and counsel for Named Plaintiffs are also prosecuting Cause No. 2017-57831, *Val Anthony Aldred, et al. v. Harris County Flood Control District and the City of Houston*, pending in the 80th Judicial District Court, Harris County, Texas, that involves similar claims that arise out of the same general events giving rise to this action.

## PRAYER

WHEREFORE, premises considered, Plaintiffs pray:

  a. That this matter be maintained and certified as a class action on behalf of all those persons residing, owning property, and/or engaging in commercial enterprises in and around Houston, Harris County, Texas, whose property was taken by the United States for public purpose by the construction and maintenance of, and ultimately the August and September 2017 release of water from the Addicks and Barker Reservoirs, without just compensation;

  b. For judgment in their favor, individually and on behalf of all persons similarly situated, and against the United States of America, finding that Plaintiffs' property, as well as the property of those similarly situated, has been taken for a public purpose without just compensation, thereby entitling Plaintiffs, and all persons similarly situated, to just compensation in accordance with the Takings Clause of the Fifth Amendment to the United States Constitution;

  c. For all damages suffered by Plaintiffs and those similarly situated as a result of Defendant's taking of Plaintiffs' property without just compensation, which are likely to exceed one billion dollars;

d.  For an award of all reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, expert witness, and engineering fees, and interest; and

e.  For such other general, legal, and equitable relief to which Plaintiffs are justly entitled.

Dated: _____9/7/2017_____          Respectfully Submitted,


**THE POTTS LAW FIRM, LLP**


Derek H. Potts*
Texas Bar No. 24073727
Douglas R. Salisbury
Texas Bar No. 24083782
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
(713) 963-8881 Phone
(713) 583-5388 Fax
dpotts@potts-law.com
dsalisbury@potts-law.com


* Admission to be sought